MURPHY, Circuit Judge,
dissenting.
Because the majority has misapplied the presumption of reliance standard at this class certification stage, I dissent. In order to show reliance at such a stage IBEW Local 98 Pension Fund (IBEW) would have to demonstrate “(1) that [Best Buy’s] alleged misrepresentations were publicly known, ... [2] that the stock traded in an efficient market, and [3] that the plaintiff traded the stock between the time the misrepresentations Were made and when the truth was revealed.” Halliburton Co. v. Erica P. John Fund, Inc. (Halliburton II), — U.S. -, 134 S.Ct. 2398, 2408 (2014); see also Amgen Inc. v. Conn. Ret. Plans & Trust Funds, — U.S. -, 133 S.Ct. 1184, 1194-97 (2013).
As the majority has recognized, “it is clear that plaintiffs made the prima facie showing required to invoke the presumption of reliance for the purpose of class certification.” Best Buy could have rebutted that presumption by producing evidence that “sever[ed] the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price.” Halliburton II, 134 S.Ct. at 2408 (quoting Basic Inc. v. Levinson, 485 U.S. 224, 248, 108 S.Ct. 978 (1988)). A securities fraud plaintiff typically alleges that a misrepresentation fraudulently increased the stock price on the day the statement was made. See, e.g., Erica P. John Fund, Inc. v. Halliburton Co. (Halliburton I), 563 U.S. 804, 131 S.Ct. 2179, 2183 (2011).
*784 That presumption can then be rebutted by-evidence showing that the misrepresentation did not increase the stock price. See Halliburton II, 184 S.Ct. at 2415.
IBEW has relied in this case on a “price maintenance” theory. It contends that Best Buy disclosed “confirmatory information” on September 14 which fraudulently maintained its stock at a constant price and counteracted expected price declines. See e.g., FindWhat Inv’r Grp. v. FindWhat.com, 658 F.3d 1282, 1313-15 (11th Cir.2011). Similar cases have been recpgnized as cognizable by at least two other circuit courts. See e.g., id.; Schleicher v. Wendt, 618 F.3d 679, 683-84 (7th Cir.2010). Neither the Supreme Court nor any circuit court has however discussed the type of showing needed to rebut such a presumption of reliance in a price maintenance case. The Supreme Court has had reason to explain that the “ ‘fundamental premise’ underlying the presumption ‘is that an investor presumptively relies on a misrepresentation so long as it was reflected in the market price at the time of his transaction.’ ” Halliburton II, 134 S.Ct. at 2414 (quoting Halliburton I, 131 S.Ct. at 2186).
If the misrepresentation were not reflected in the market price, “Basic’s fraud-on-the-market theory and presumption of reliance collapse.” See' id.- The reason a misrepresentation in a price maintenance suit is presumed to be reflected in the market price of the stock is because the stock’s price was fraudulently prevented from declining. See e.g., FindWhat, 658 F.3d at 1313-15. In this case Best Buy could have rebutted the presumption of reliance- by producing evidence showing that the alleged misrepresentations had not counteracted a price decline' that would otherwise have occurred. Best Buy produced no such evidence, and the presumption was not rebutted.
The majority ignores IBEW’s theory that the conference call" statements prevented the stock price from' declining and focuses instead on its additional theory that the “statements effected a gradual increase-in stock, price between September and December.” The majority rejects this gradual increase theory because it views it as contrary to the efficient market hypothesis and because Best Buy’s stock price was inflated by the September 14 press release rather than the two statements made during the conference call later that day. That analysis may be correct,-but it does not address IBEW’s theory that the conference call maintained Best Buy’s stock price at its inflated level. The majority has thus not joined the circuit courts that have recognized price maintenance theories to be cognizable under the Securities Exchange Act.
Finally, the majority claims that Best Buy rebutted IBEW’s presumption of reliance because the company’s statements during the conference call were “virtually the same” as those made in its press release earlier that morning. Best Buy’s press release stated that it had increased its earnings per share (EPS) guidance by ten cents. In the conference call defendants stated: (1) “We are on track to deliver and exceed our annual EPS guidance;” and (2) “our earnings are essentially in line with our expectations for the year.” As the district court correctly noted, the statements in the conference call were not identical to those in the prfess release because the conference, call also contained “statements of current facts reflecting upon Best Buy’s current position and historical performance up until that point in the fiscal year.”
By contrast, the press release contained forward looking numerical projections. The majority’s claim that the company’s statements during the call and in the *785 press release were nearly identical is thus factually -incorrect. Moreover, we are foreclosed by Supreme Court precedent from considering at- .this stage whether these conference call statements, when viewed by a reasonable investor, “significantly altered the ‘total mix’ of information made available,” because this is a materiality question. Halliburton II, 134 S.Ct. at 2413 (quoting Basic, 485 U.S. at 231-32, 108 S.Ct. 978). Defendants can of course, proceed to-present evidence at the summary judgment stage regarding the materiality of the statements made during the conference call.
Since the district court did riot err in certifying the class, its decision should be affirmed.